PEOPLE v. GUZANICH.

CRIMINAL LAW—NONJURY TRIAL—CROSS-EXAMINATION OF DEFENDANT
—APPEAL AND ERROR.

Error by trial court in permitting prosecution to cross-examine
defendant charged with taking indecent liberties with a minor
male about a prior charge of sodomy was not reversible error
when the case was tried without a jury and there was ample
evidence to support the conviction (CLS 1961, § 750.336).

Appeal from Macomb, Noe (Alton H.), J. Submitted Division 2 October 9, 1968, at Lansing. (Docket No. 4,545.) Decided October 22, 1968.

Andrew Guzanich was convicted of taking indecent liberties with a minor male. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George N. Parris*, Prosecuting Attorney, *Thaddeus S. Hamera*, Chief Appellate Lawyer, and *Stephen F. Osinski*, Assistant Prosecuting Attorney, for the people.

*John B. Bruff*, for defendant.

PER CURIAM. Defendant was tried by the court without a jury on a charge of indecent liberties with

---

REFERENCES FOR POINTS IN HEADNOTE.
29 Am Jur 2d, Evidence § 320 *et seq.*
Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.

a minor male, CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568), and convicted. The trial judge permitted cross-examination of defendant on a prior charge of sodomy over objection. On appeal, defendant contends this was reversible error.

It was error to permit such cross-examination. We need not determine the effect of the error on a jury trial conviction. The record in this nonjury trial contains substantial evidence to support the conviction, and we are unable to say the error was reversible error in this instance.

Affirmed.

QUINN, P. J., and HOLBROOK and VANDER WAL, JJ., concurred.